**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation.<br><br>THIS DOCUMENT RELATES TO:<br><br>Adjal, et al. v. Matrixx Initiatives, Inc., et al.,<br>No. CV 10-0729-PHX-FJM | No. 09-md-2096-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' renewed motion to dismiss the claims of the six Adjal plaintiffs' claims for failure to comply with court-ordered discovery (doc. 1484) and defendants' reply (doc. 1499). Plaintiffs have not responded, and the time to do so has passed.

We denied defendants' first motion to dismiss the Adjal plaintiffs for failure to comply with discovery based on plaintiffs' statement that they had cured the deficiencies in their responses (doc. 1363). As an alternative sanction, we awarded defendants attorneys' fees (doc. 1493). Defendants now renew their motion because, contrary to plaintiffs' prior assertion, the responses remain deficient, and plaintiffs have offered no explanation for the continued delay.

We may dismiss an action where a party fails to obey a court order on discovery. Fed. R. Civ. P. 37(b)(2)(A)(v); In re Phenylpropanolamine (PPA) Products Liability Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). As an MDL court, our discretion to dismiss is broadened by our responsibility to "promote the just and efficient conduct of actions that are

1  coordinated or consolidated for pretrial purposes." In re Phenylpropanolamine, 460 F.3d at
2  1252. As we near the conclusion of this MDL, we note our commitment to send back to the
3  transferor forums cases that are as close to trial ready as possible. See Transcript of Feb. 25,
4  2010 Proceedings at 13: 16–20 (doc. 217).

5  Defendants served all personal injury plaintiffs with a plaintiff fact sheet ("PFS") and
6  discovery on whether plaintiffs "sniffed" the Zicam product. Case Management Order 2
7  requires every personal injury plaintiff to complete the PFS, and return it within forty-five
8  days of receipt (doc. 398). If a plaintiff fails to serve a completed PFS, defendants' lead
9  counsel must send a warning letter to plaintiff's counsel requesting compliance within fifteen
10 days. If plaintiff does not then respond, defendants may move for appropriate relief.

11 With respect to the Adjal plaintiffs, defendants have now sought relief three times,
12 through a first motion to dismiss, a motion for attorneys' fees, and a second motion to
13 dismiss. As an initial matter, plaintiffs' failure to respond to this motion is sufficient grounds
14 for dismissal. LRCiv 7.2(i) (if "counsel does not serve and file the required answering
15 memoranda . . . such non-compliance may be deemed a consent to the denial or granting of
16 the motion and the Court may dispose of the motion summarily."). But this omission is one
17 of a series of decisions not to actively participate in this litigation. Defendants state that they
18 have contacted plaintiffs dozens of times regarding their discovery, and have not received
19 responses or an explanation of the continuing deficiencies. Additionally, plaintiffs' first
20 response to defendants' first motion to dismiss was not in compliance with Case
21 Management Order 1, and their second response was not timely and possibly misleading as
22 to plaintiffs' efforts to cure their deficiencies. See First Response to Motion to Dismiss (doc.
23 1202) (stricken); Second Response to Motion to Dismiss (doc 1352). Plaintiffs' response to
24 defendants' motion for attorneys' fees was cursory and not very helpful to the court (doc.
25 1390). Now, having already been sanctioned once and with the future of their claims at
26 stake, plaintiffs have not responded to this motion to dismiss.

27 Therefore, in light of plaintiffs' ongoing refusal to participate and in accordance with
28 plaintiffs' decision not to oppose defendants' motion, we dismiss plaintiffs' claims with

1  prejudice. And while thorough analysis of the five-factor test for dismissal for failure to
2  comply with discovery is impossible without plaintiffs' response, a brief analysis makes plain
3  that dismissal is appropriate. See In re Phenylpropanolamine, 460 F.3d at 1226 (listing five
4  factors to be considered prior to dismissal). First, "the public's interest in expeditious
5  resolution of litigation" favors dismissal. Plaintiffs have passed on repeated opportunities
6  to comply with court orders. Given plaintiffs' unwillingness to participate, remanding their
7  claims to the transferor forum would likely only serve to further waste judicial resources.
8  Second, our need to manage our docket supports dismissal. We have made clear that the
9  timely cooperation of all parties is vital to the management of such complex litigation.
10 Plaintiffs' resistance has led to three motions. Third, defendants have been prejudiced by
11 plaintiffs' delays in providing the requested information. While the significance of the
12 omissions varies among the six plaintiffs,[1] there is no excuse for any deficiencies at this late
13 date. Fourth, while public policy favors disposition of these claims on their merits, plaintiffs'
14 refusal to provide the requested information or to offer any explanation about the deficiencies
15 renders such a resolution impossible. Finally, a less drastic sanction is not available. Our
16 previous sanction of an assessment of attorneys' fees was ineffective in securing compliance.

---

[1] Plaintiff Mahieddine Adjal's fact sheet lacks information about healthcare providers. Kosner Decl., ex. 1, "Adjal Fact Sheet" at 7 (doc. 1485-1). She also did not submit responses to defendants' "sniff discovery." Motion to Dismiss at 4. Plaintiff Joeseph D'Amico failed to submit a declaration verifying his amended response. Id. Plaintiff Krista Edwards failed to include healthcare provider information or a description of when she first noticed an impairment of her sense of smell. Edwards also did not submit responses to the "sniff discovery." Kosner Decl., ex. 3, "Edwards Fact Sheet" at 43, 48 (doc. 1485-1). Plaintiff Kevin Murray did not provide healthcare provider contact information, details of Zicam use, or information about where and when the products were bought Kosner Decl., ex. 4, "Murray Fact Sheet" at 5, 8 (doc. 1485-2). Plaintiff Diane Nygard did not state complete medical background information, the dates of her Zicam usage, the date and place of purchase, whether she would seek lost wages, whether she communicated with healthcare providers about her injury, and other medications she may be taking. Kosner Decl., ex. 5, "Nygard Fact Sheet" (doc. 1485-2). Nygard also did not submit responses to the "sniff discovery." Motion to Dismiss at 4. Plaintiff Joseph Rubbo did not provide healthcare provider contact information. Kosner Decl., ex. 6, "Rubbo Fact Sheet" at 41 (doc. 1485-2).

**IT IS THEREFORE ORDERED GRANTING** defendants' motion to dismiss the claims of plaintiffs Mahieddine Adjal, Joseph D'Amico, Krista Edwards, Kevin Murray, Diane Nygard, and Joseph Rubbo (doc. 1484). **IT IS FURTHER ORDERED DISMISSING** with prejudice <u>Adjal, et al. v. Matrixx Initiatives, Inc., et al.</u>, No. CV 10-0729-PHX-FJM.

DATED this 5th day of August, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge